UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MEREDITH EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:14-cv-00002-SEB-DML |
| CORINTHIAN COLLEGES, INC. doing | ) |
| business as EVEREST COLLEGE, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

This cause is before the Court on Defendant's Motion to Dismiss for Failure to State a Claim [Docket No. 7], filed on January 31, 2014, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's complaint alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 ("TCPA"), when it made several calls to her cellular telephone using an automated telephone dialing system ("ATDS") and prerecorded voice. Defendant contends that Plaintiff's complaint fails to state a claim under the TCPA because it does not include the specific date and time of each alleged statutory violation. For the reasons set forth below, Defendant's Motion to Dismiss is DENIED.

I. **Factual Background**

Plaintiff Meredith Evans alleges that, "in or around October 2013, Corinthian placed calls to her cellular telephone, number 812-xxx-8701... in an attempt to solicit its services to Plaintiff" using an ATDS at the rate of, "approximately seven to eight times per day…." Compl. ¶¶ 9, 16. Ms. Evans further alleges that when she answered calls from Defendant, there was a period of

1

silence requiring her to hold the line before she was connected to a live representative. Compl. ¶ 11. In early November 2013, Plaintiff informed Corinthian that she no longer wanted to receive calls to her cellular phone. However, Corinthian continued to place calls to Plaintiff's cellular phone at a rate of seven to eight times per day. Compl. ¶¶ 15, 16.

II. **Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In determining the sufficiency of a claim, the court considers all allegations in the complaint to be true and draws such reasonable inferences as required in the plaintiff's favor. *Jacobs v. City of Chicago*, 215 F.3d 758, 765 (7th Cir. 2000). In order to survive a challenge under this rule, a complaint must have "facial plausibility"-- that is, the plaintiff must provide factual material sufficient to support an inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. If a claim has been satisfactorily stated, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). Thus, at this stage of the litigation, "the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan v. Am Bd. Of Psychiatry and Neurology, Inc.*, 40 F. 3d 247, 251 (7th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires plaintiff to provide a short, plain statement of the claim that will "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. However, such "notice" pleading does not require the facts in the complaint to be pled with particularity unless the complaint alleges

fraud. Fed. R. Civ. P. 9(b). "The plausibility standard calls for a context-specific inquiry that requires the court to drawn on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

### III.   Discussion

Ms. Evans's complaint alleges that Corinthian violated the TCPA, which is a federal statute designed to protect consumers from receiving solicitations and unwanted telephone calls, each time it called her cellular phone using an ATDS. Corinthian seeks dismissal of Plaintiff's complaint under Rule 12(b)(6) on the grounds that her complaint does not satisfy Rule 8(b) pleading standards. Specifically, Defendant claims that Plaintiff, "must plead, at a minimum, the time and date of each purported violation." Def.'s Resp. at 3. Although Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation," we are of the view that plaintiff's complaint gives the defendant sufficient notice of the claim asserted, and thus satisfies Rule 8 requirements. *Iqbal*, 556 U.S. at 678.

The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a…cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). To plead a TCPA claim, Plaintiff need only allege two things: (1) Defendant called a cellular phone; (2) via an ATDS or prerecorded voice. *Id*. The statute does not require the specific date or time of the alleged statutory violations to be included in the complaint. "The language of the TCPA makes no reference to the time, content, sequence, or volume of calls or messages as a prerequisite to liability; rather, the wording of the statute is expansive and content neutral." *Robbins v. Coca-Cola Co.,* 2013 WL 2252646 at *2 (S.D. Cal., May 22, 2013). Notice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context of every

3

telephone call. *Robinson v. Midland Funding,* LLC, 2011 WL 1434919, *3 (S.D. Cal., Apr. 13, 2011).

Plaintiff's complaint addresses both of these required statutory elements; the Defendant called her, and an ATDS was used to make the calls. Nevertheless, Defendant asserts that Ms. Evans's complaint does not satisfy the *Iqbal/Twombly* pleading standard because the facts alleged are insufficient, lacking specific dates and times of the alleged telephone calls. Without such detail, the facts contained in plaintiff's complaint are sufficient to give defendant notice of the statutory violation.

Defendant relies heavily on *Hanley v. Green Tree Servicing, LLC*, 934 F. Supp. 2d 977, 983-84 (N.D. Ill. 2013) to support its contention. In *Hanley*, the Court held that, because plaintiff did not specify the times when the alleged calls were made, or when and how the plaintiff has asked the defendant to cease calling him, the complaint did not give the defendant proper notice of the charges brought against him. *Id*. However, are careful read of this decision establishes its dissimilarity. In *Hanley*, the district court found the plaintiff's purported class complaint to be "wholly inadequate" because "next to nothing is pleaded" and dismissed the complaint under Rule 12(b)(6). *Id* at 982. The plaintiff in *Hanley* did not include averments regarding the number of calls defendant allegedly made, nor a general time when the calls were made. In contrast, Ms. Evans alleges in her Complaint that "beginning in or around October 2013" the calls were made by defendant and that they occurred "approximately seven to eight times per day on a daily basis." Compl. ¶¶ 8, 16. Requiring Plaintiff to plead with more particularity to include the precise times and dates the calls were placed would impose an unnecessary burden on the plaintiff, essentially requiring TCPA claims to be pled with the same heightened level of particularity as fraud cases. That asks too much of a plaintiff who files a TCPA complaint. Ms.

Evans's complaint suffices under all the controlling standards and authorities. Defendant can seek through discovery the additional specifics.

For the reasons stated above, Defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

Date:   06/23/2014

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Peter Winslow Homer
HOMER BONNER JACOBS, PA
phomer@homerbonner.com

Bernie W. (Too) Keller
KELLER MACALUSO LLC
too@kellermacaluso.com

Amy L. Cueller
LEMBERG LAW, LLC
acueller@lemberglaw.com